UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>vs.<br>TERRY FEATHERMAN,<br><br>　　　　　　　　Defendant. | 5:16-CR-50163-04-JLV<br><br>ORDER DENYING MOTION FOR BILL OF PARTICULARS; GRANTING MOTION FOR DISCLOSURE OF GRAND JURY TESTIMONY |

**INTRODUCTION**

On November 21, 2016, Mr. Featherman was originally charged by complaint for Misprision of a Felony in violation of 18 U.S.C. § 4. (Doc. 1). Subsequently, on December 6, 2016, Mr. Featherman was charged in an indictment with aiding and abetting Felony Child Abuse and Neglect in violation of 18 USC. §§ 1153 and 2 and SDCL § 26-10-1. (Doc. 22). There exists no federal offense for child abuse, therefore, Mr. Featherman was charged under South Dakota Codified Law which states that "[a]ny person who abuses, exposes, tortures, torments, or cruelly punishes a minor in a manner which does not constitute aggravated assault, is guilty of a Class 4 felony. If the victim is less than seven years of age, the person is guilty of a Class 3 felony." SDCL § 26-10-1.

On July 30, 2019, Mr. Featherman filed a Motion for Bill of Particulars with this court. (Doc. 353). On August 8, 2019, Mr. Featherman filed a Motion for Disclosure of Grand Jury Testimony. (Doc. 357). The pending Motions

1

were referred to the Magistrate Judge by Chief Judge Jeffrey L. Viken on August 12, 2019. (Doc. 360).

## BACKGROUND

Mr. Featherman seeks an order granting clarification regarding supporting facts the government alleges in violation of the elements of 18 U.S.C. §§ 1152 and 2 and SDCL § 26-10-1. (Doc. 353 at p. 4). Because Mr. Featherman is charged with aiding and abetting, a specific intent crime, he argues that the indictment must provide sufficient facts that demonstrate purposeful conduct, and not merely an omission or failure to act. Id. (internal citations omitted).

Mr. Featherman alleges the indictment does "not state a single supporting fact or details that [he] counseled, commanded, induced, procured, or willfully caused felony child abuse." Id. at p. 7. Mr. Featherman claims the facts he has been made aware of through FBI Special Agent ("SA") Mark Lucas' affidavit and written report are "inconsistent" and fail to properly "set forth any affirmative action." Id. at p. 3-4.

SA Lucas' affidavit, cited by the government in support of the amended complaint, alleges Mr. Featherman admitted he "would have been able to observe the conditions of the children" and he "knew about the victims' unhealthy condition and of J.W.C.'s hip sore." Id. at p. 2-3 (citing Doc. 6). The affidavit further alleges that Mr. Featherman "said their health seemed to decline in the last month but did not do anything about it because he was not their caretaker." Id. at p. 3 (citing Doc. 6). Mr. Featherman alleges the

2

affidavit of SA Lucas is "inconsistent with his written report" and further argues there exist "discrepancies between the audio of [Mr. Featherman's] interview and SA Lucas' report." As such, he argues he is unable to adequately prepare a defense due to the vagueness of the Indictment. Id. at p. 5.

The government responds that the indictment is not vague and charges Mr. Featherman with "having committed child abuse between August 1, 2016, and November 11, 2016, by intentionally knowingly abusing, exposing, torturing, tormenting and cruelly punishing I.W.C. and J.W.C., children who had not attained the age of seven years." (Doc. 365 at p. 2). The government further responds that they have provided Mr. Featherman with "essentially 'open' discovery of all information in its possession, and will continue to provide the same on an ongoing basis to the extent new information becomes available." Id. at p. 3.

Mr. Featherman also seeks production of the grand jury transcripts of SA Lucas in order to determine whether grounds may exist to dismiss the indictment. (Doc. 357). He argues that alleged discrepancies exist between SA Lucas' grand jury testimony, two affidavits, 302 report summarizing the interview with Mr. Featherman, and the audio interview with Mr. Featherman. (Doc. 358 at p. 2-4). Another reason Mr. Featherman alleges he should be permitted to inspect grand jury transcripts of SA Lucas is "to determine if [SA Lucas'] testimony was truthful" based on his "pattern of making inconsistent statements." (Doc. 358 at p.6).

## DISCUSSION

### I. Bill of Particulars

#### a. The Motion is Untimely

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the defendant must file a motion for a bill of particulars within 14 days of the defendant's arraignment or at a later time if the court permits. FED. R. CRIM P. 7(f). Mr. Featherman's arraignment as it pertains to the indictment was held on December 9, 2016. (Doc. 54). He filed this motion on July 30, 2019, over two and a half years from the arraignment. (Doc. 353). See United States v. Arcoren, 17-CR-50125, Doc. 81 p. 6. (denying a motion for a bill of particulars as untimely when filed nearly nine months after the deadline passed without good cause). While Mr. Featherman acknowledges his request is untimely, he provides no attempt to show good cause for the failure to file the motion sooner. Accordingly, the court denies the motion because it is untimely. In addition to the timeliness issues, however, the court also finds that the motion for a bill of particulars fails on the merits.

#### b. Legal Standard for Bill of Particulars

An indictment must be "a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." FED. R. CRIM. P. 7(c)(1). Federal Rule of Criminal Procedure 7(f) states that the court "may direct the government to file a bill of particulars." The defendant may move for a bill of particulars if he believes "that an indictment does not provide enough information to prepare a defense." United States v. Huggans, 650 F.3d 1210,

4

1220 (2011) (citing United States v. Livingstone, 576 F.3d 881, 883 (8th Cir. 2009)). Typically, an indictment is not sufficient only if an essential element of the offense is omitted. United States v. Cuervo, 354 F.3d 969, 985 (8th Cir. 2004). An indictment that is "completely devoid of facts" can be proper cause for a bill of particulars when the case lacks "any pre-trial motions that have elicited any descriptive responses from the government." United States v. Glenn, No. 5:14-CR-50115-JLV, 2015 WL 5496120, at *3 (D.S.D. Sept. 17, 2015).

"The purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and avoid or minimize the danger of a surprise at trial." Id. A bill of particulars "is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." Huggans, 650 F.3d at 1220. The Court has broad discretion whether to order the government to provide a bill of particulars. United States v. Key, 717 F.2d 1206, 1210 (8th. Cir. 1983). The Court should grant the motion if necessary to "prevent unfair surprise at trial." United States v. Maull, 806 F.2d 1340, 1345 (8th Cir. 1986). The Court must "strike a 'prudent balance' between the legitimate interest of the government and defendant." United States v. Nelson, CR. 11-40037, 2011 WL 2160471, *1 (D.S.D. June 1, 2011) (quoting United States v. MacFarlane, 759 F.Supp. 1163, 1169 (W.D.Pa. 1991)).

A bill of particulars is not required if the defendant can access the necessary detail from another satisfactory source. Glenn, 2015 WL 5496120,

at *3 (citing United States v. Johnson, 225 F.Supp.2d 982, 994 (N.D. Iowa 2002)). This source can take several forms including responsive pleadings from the government and an open file policy. "Specifically, numerous courts have held that no bill of particulars is required when the defendant has access to the necessary detail about the charges to prepare a defense, for example, in the form of 'open file' discovery." Id. In narrow circumstances, an open file policy is not always sufficient to provide the defendant with enough detail on the charge. Id. at 1003. This is especially true if the "open file" is voluminous and complex. See id. (continuing criminal enterprise lasted more than eight years, involved numerous participants, and various predicate offenses).

### c. The Motion Fails on the Merits

Even if Mr. Featherman's motion was filed in a timely manner, he makes no showing that the indictment fails to allege the required elements of the offense. Furthermore, "[t]he Eighth Circuit Court of Appeals has allowed district courts to consider the extent of the discovery provided by the government when considering a motion for a bill of particulars." United States v. Schrader, No. CR 14-50049-01-KES, 2014 WL 3752360, at *4 (D.S.D. July 30, 2014) (citing Huggans, 650 F.3d at 1220). Here, unlike Glenn, Mr. Featherman fails to show he has not received proper notice of facts through discovery. The government's open file policy and subsequent two and a half years of discovery is sufficient to establish proper notice of the facts and minimize the risk of unfair surprise at trial. See Huggans, 650 F.3d at 1220 (demonstrating open file policy negates the need for a bill of particulars absent

narrow circumstances). Furthermore, the government's briefing in response to this motion sets forth specific details to allow defendant to understand the nature of the charge, prepare a defense, and avoid unfair surprise. (Doc. 365 at pp. 3-5).

The availability of information as to the specific conduct and facts of the charges from other sources, such a pretrial discovery, eliminates the need for a bill of particulars. See United States v. Big Crow, No. 3:18-CR-30083-RAL, 2018 WL 3971939, at *2 (D.S.D. Aug. 20, 2018) (denying a motion for a bill of particulars when the defendant claimed it was "unclear as to which act or acts she committed that constitute child abuse"); Huggans, 650 F.3d at 1220 (affirming the district court's denial of defendant's motion for a bill of particulars as moot because the government previously disclosed "virtually every piece of information sought" by defendant through methods which included pretrial discovery); United States v. Bradley, No. CR. 09-50029-02-KES, 2010 WL 1409447, at *1 (D.S.D. Mar. 31, 2010) ("A motion for a bill of particulars should not be granted if the desired information has been provided through pretrial discovery or in some other acceptable manner.").

Mr. Featherman's argument that a bill of particulars is needed to clarify an affirmative action as required for a specific intent crime also fails as he requests nothing more than evidentiary detail. See United States v. Matlock, 675 F.2d 981, 986 (8th Cir. 1982) (quoting Hemphill v. United States, 392 F.2d.45, 49 (8th Cir. 1968)) ("Acquisition of evidentiary detail is not the function of bill of particulars."); United States v. Wessels, 12 F.3d 746,

750 (stating that a bill of particulars should not be used as discovery tool or to obtain a detailed disclosure of the prosecution's evidence); United States v. Massat, No. CR. 15-50089-JLV, 2018 WL 583109, at *7 (D.S.D. Jan. 29, 2018) (denying defendant's motion for a bill of particulars because the defendant sought it simply as a discovery device). The open file policy provides the defendant with sufficient detail to defend against the charge. As such, the Motion for Bill of Particulars is denied.

## II. Disclosure of Grand Jury Transcripts

### a. Legal Standard for Disclosure of Grand Jury Transcripts

Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) allows for disclosure of grand jury transcripts by the court "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Grand jury transcripts are "generally not discoverable on pretrial motion." United States v. Pelton, 578 F.2d 701, 709 (8th Cir. 1978). A defendant must make a showing of "particularized need" for the transcripts. United States v. Broyles, 37 F.3d 1314, 1318 (8th Cir. 1994). Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed. Douglas Oil Co. of Cal. v. Petrol Stops Nw., 441 U.S. 211, 222 (1979) (citing United States v. Procter & Gamble Co., 356 U.S. 677, 683 (1958).

This particularized need is demonstrated "by the presentation of 'specific evidence of prosecutorial overreaching.'" United States v. Finn, 919 F.Supp. 1305, 1327 (D.Minn. 1995) (quoting United States v. Lame, 716 F.2d 515, 518 (1983)). In analyzing whether reversable prosecutorial misconduct exists, the Eighth Circuit Court of Appeals employs a two-part test: "(1) whether the prosecutor's conduct was improper, and (2) whether such conduct prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial." United States v. Anwar, 428 F.3d 1102, 1111–12 (8th Cir. 2005) (citing United States v. Conrad, 320 F.3d 851, 855 (8th Cir. 2003)). To meet the burden of a particularized need,

> [a] criminal defendant must point to specific evidence of prosecutorial overreaching in order to show particularized need to consult grand jury transcripts. A defendant who "has not pointed to anything in the record which might suggest that the prosecution engaged in improper conduct before the grand jury" has not carried his burden of persuasion.

Lame, 716 F.2d at 518–19 (quoting United States v. Edelson, 581 F.2d 1290, 1291 (7th Cir.1978)).

### b. Showing of a Particularized Need

Mr. Featherman has made a showing of a particularized need of SA Lucas' grand jury testimony and presentation of specific evidence of prosecutorial overreaching through inconsistencies in SA Lucas' affidavit and 302 along with SA Lucas' prior untruthful grand jury testimony. (Doc. 358 at p. 3).

### i. Inconsistencies in SA Lucas' Affidavit and 302

Mr. Featherman alleges "SA Lucas did not indicate in his 302 the critical information he set forth in his affidavits supporting the complaints that Mr. Featherman 'admitted to . . . knowing about the victims' unhealthy condition and of J.W.C.'s hip sore" and that "their health seemed to decline in the last month' before his arrest." Id. Furthermore, Mr. Featherman alleges there are discrepancies between the audio of the interview conduct with Mr. Featherman and the 302 report SA Lucas wrote summarizing the interview. Id. Specifically, Mr. Featherman alleges that nowhere in his interview did he admit knowing about the child's hip sore or that the children's health seemed to decline in the last month. Id.

The government does not address these inconsistencies. (Doc. 365). Rather, the government responds that "[d]espite any alleged minor inaccuracies in the affidavit and 302 by SA Lucas, the facts and circumstances of this case as explained by the defendants support the charges." Id. at p. 8. Mr. Featherman's admission of knowledge regarding J.W.C.'s hip sore and the children's deteriorating health are not "minor inaccuracies" as the government would classify them. Id. Rather, these facts were crucial to linking Mr. Featherman's involvement in the criminal activity noted in the Amended Complaint. See (Doc. 6 at p. 7-8) (emphasis added) ("Terry Featherman, the victims' uncle, admitted to living at Roberta's house and knowing about the victims' unhealthy condition *and of J.W.C.'s hip sore. He said their health seemed to decline in the last month* but did not do anything about it because he

was not their caretaker."). Here, the Government's own exhibit confirms that Mr. Featherman did not admit during his interview to knowing of J.W.C.'s hip sore nor did Mr. Featherman specifically comment on the health of the children declining in the last month before his arrest. (Doc. 365, Ex. 1). Therefore, the inconsistencies regarding the condition of the children and J.W.C.'s hip sore provide adequate grounds for the disclosure of SA Lucas' grand jury transcript.

### ii. SA Lucas' Prior Untruthful Grand Jury Testimony

This is not the first allegation of SA Lucas providing inaccurate testimony before a grand jury. This court previously held that grand jury testimony provided by SA Lucas in an alleged rape indictment was "at worst a lie and at best extremely misleading." United States v. Gregg, 17-cr-50044-JLV (Doc. 120 at p. 16). This court further determined that SA Lucas' testimony in response to attorney questioning in Gregg was "misleading at worse and unresponsive at best." Id. at p. 17. The court was unable to find any precedent regarding whether the prior false or misleading testimony of an FBI Special Agent creates a unique circumstance providing for the disclosure of grand jury transcripts involving the same agent in a subsequent, unrelated case.

However, "[a] court called upon to determine whether grand jury transcripts should be released necessarily is infused with substantial discretion." Douglas Oil Co. of Cal., 441 U.S. at 223. Here, the court is mindful of the prior findings regarding SA Lucas' inaccurate testimony, and finds that, combined with the inconsistencies alleged in the present case

11

between his affidavit and 302, provides a compelling necessity permitting the particularized need of SA Lucas' grand jury transcript. As such, the Motion for Disclosure of SA Lucas' Grand Jury Testimony is granted.

## CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Terry Featherman's Motion for Bill of Particulars (Doc. 353) is denied.

ORDERED that Terry Featherman's Motion for Disclosure of Grand Jury Testimony (Doc. 357 and Doc. 358) is granted.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CRIM. P. 58 (g)(2), 59(a). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. FED. R. CRIM. P. 59(a). Objections must be timely and specific in order to require review by the district court.

DATED this 18th day of September, 2019.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge